IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02468-REB-CBS

BRENDA T. BAKER,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, OFFICE OF ECONOMIC DEVELOPMENT,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the parties' Proposed Stipulated Motion for Protective Order.  In this action, at least one of the parties has sought Confidential Information, as defined in paragraph 1 below, in discovery.  The parties may seek additional Confidential Information during discovery and anticipate that there may be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in injury to one or more of the parties' business or privacy interests.  Because there is good cause for the entry of a protective order, the Court therefore enters this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

IT IS ORDERED:

1.      As used in this Protective Order, the term "Confidential Information" means any document, file, portions of files, electronic data, audio, video, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public and implicating a business or privacy interest - disclosed pursuant to the disclosure or discovery duties created by the Colorado Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 or 8 below as CONFIDENTIAL.  In addition, "Confidential Information" shall include but not be limited to the following types of information whether or not designated by one of the Parties in the manner provided in paragraphs 7 or 8 below as CONFIDENTIAL:

(a) the documents and information containing medical, psychological, disability, or financial records or information of a party;

(b) the documents or information the producing party identifies to be proprietary, sensitive and/or of such nature that it is not generally known or capable of independent discernment; or

2.      As used in this Protective Order the term "document" is defined as provided in the applicable rules of civil procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3.      The designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).

4.      Confidential Information shall not be disclosed or used for any purpose other than the preparation and trial of this case.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.      Confidential documents, materials and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

a)   attorneys actively working on this case;

b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c)   the parties, including the parties' employees, officers, agents, and directors actively participating in the preparation and trial of this case;

d)   expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e)   the Court and its employees ("Court Personnel")in their conduct of this action;

f)   stenographic reporters who are engaged in proceedings necessarily incident to the course of depositions involving this case;

g)   other persons by written agreement of the parties; and

h)  witnesses or prospective witnesses in this case, to the extent such disclosure is

necessary for preparation, trial or other proceedings in this case.

i)  insurance adjusters or insurance related professionals to whom disclosure is

required, and professional licensing organizations, including those that may be

associated with state or federal regulatory agencies, to whom disclosure is

required.

6.      Prior to disclosing any Confidential Information to any person listed above

(other than the Parties, their counsel, persons employed by counsel, Court Personnel and

stenographic reporters), counsel shall provide such person with a copy of this Protective Order

and obtain from such person an agreement that he or she has read this Protective Order, agrees

to be bound by its provisions, and submits to the jurisdiction of the court for purposes of

enforcing the Protective Order.  All such original agreements shall be retained by counsel and

shall be subject to in camera review by the Court if good cause for review is demonstrated by

opposing counsel.

7.      When Confidential Information is produced, disclosed or otherwise provided by

a party in response to any discovery request it may be designated as Confidential Information

by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any

document produced, or next to or above any response to a discovery request, in a manner that

will not interfere with the legibility of the document or response.  Failure to so designate as

Confidential Information is not a requirement or prerequisite for information to be

Confidential, as confidential information has or may have already been exchanged between the

parties, and/or the parties have or may have already obtained Confidential information by way

of discovery responses, medical records, medical authorizations, disclosures by the parties or through other means.

8.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation may be made on the record during the deposition whenever possible, but a party may also designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Failure to so designate medical or other confidential information contained within portions of a deposition as Confidential Information is not a requirement or prerequisite for information to be confidential.

9.      A party may object to the designation of certain information as CONFIDENTIAL within fourteen (14) days from the receipt of such designation of the document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made. The designating party shall respond within fourteen (14) days from receipt of such notice.  If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

11.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.  In the event the Parties use any documents marked pursuant to the terms of this Protective Order as Confidential Information during the trial, the Party must remove or redact any markings of "Confidential" before such documents are shown or given to any jurors.

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14.     The parties submit that the documents or portions of documents sought to be restricted from public access are of a nature that redaction of the confidential nature would defeat the purpose of providing relevant or discoverable confidential information to opponents. The parties will redact, summarize, or restrict public access pursuant to D.C.COLO.LCivR 7.2, only as necessary and only with regard to the confidential documents or confidential portions of the documents.

15.     The Parties acknowledge and agree that the interests to be protected outweighs the presumption of public access in that the information is of a private medical, financial, trade secret or similar confidential nature, and the parties risk suffering irreversible adverse consequences if public access was permitted.

16.     By agreeing and stipulating to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to its effect.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in the is litigation.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Tule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18.     Nothing in this Protective Order shall relieve any Party from its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and produce a privilege log.

19.     The Parties Agree that in the event documents are exchanged before the Court reduces this Proposed Stipulated Protective Order into a final enforceable Order of the Court, the Parties shall abide by the terms of this Protective Order in the same manner as if it had been reduced to a final enforceable Order of the Court before such exchange of documents.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulated Protective Order of the parties is approved and made an Order of the Court.

DATED at Denver, Colorado, on November 23, 2015.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED AND AGREED TO BY:

Attorneys for Plaintiff

s/*Andrew T. Brake*
Andrew Brake, #12021
Andrew T. Brake, P.C.
777 E. Girard Avenue, Suite #200
Englewood, CO  80113
Phone Number: (303) 806-9000

Attorneys for Defendant

*s/Charles T. Mitchell*
Natalia S. Ballinger
Charles T. Mitchell
Denver City Attorney's Office
201 West Colfax Avenue, Department 1108
Denver, Colorado 80202-5332
(720) 913-3100